IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-48-KAC-DCP |
| TERRANCE A. PATTERSON and | ) | |
| IESHA S. MITCHELL-SIVELS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Iesha S. Mitchell-Sivells's Motion to Continue Trial and All Associated Deadlines [Doc. 25] and Defendant Terrance A. Patterson's Motion to Continue Trial and All Associated Deadlines [Doc. 26] filed on January 5, 2024.

Defendant Mitchell-Sivells asks the Court to continue the trial date and all associated deadlines. In support of her motion, Defendant states that defense counsel "was appointed to represent Ms. Mitchell-Sivells on December 13, 2023" [Doc. 25 p. 1 (citing to Doc. 11)]. Defense counsel requires additional time to review discovery "[d]ue to technical issues with the discovery on the part of the United States and holiday traveling on the part of undersigned counsel" [*Id.*]. Defendant's motion reflects that she understands that a continuance of the trial date will necessarily affect the computation of time pursuant to the Speedy Trial Act [*Id.* at 2]. Finally, Defendant's motion states that the Government does not oppose a continuance.

Defendant Patterson states in his motion to continue [Doc. 26] that he "is joining his co-defendant Iesha Mitchell-Sivels' request" [*Id.* at 1]. In support of his motion, Defendant Patterson asserts that defense counsel represented Defendant "in the instant matter when it was first prosecuted

via criminal complaint in 2022" and that she "did not have complete discovery at the time of the complaint's dismissal" [*Id.*]. Defense counsel was reappointed to represent Defendant Patterson in this case on December 20, 2023 [*Id.* (citing Doc. 18)]. "Due to counsel traveling for the holiday, undersigned counsel has only been able to receive discovery from the United States the day before this filing," and therefore, defense counsel requires additional time to review discovery with Defendant [*Id.* at 1–2]. Defendant understands that a continuance of the trial date will necessarily affect the computation of time pursuant to the Speedy Trial Act [*Id.* at 2]. Finally, Defendant's motion reflects that the Government does not oppose the requested continuance.

Based upon the information provided by Defendant Mitchell-Sivels and Defendant Patterson in their respective motions and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Mitchell-Sivels and Defendant Patterson need additional time to review discovery and to otherwise prepare this matter for trial. The Court finds that all of this cannot occur before the February 20, 2024 trial date.

The Court therefore **GRANTS** Defendant Iesha S. Mitchell-Sivels's Motion to Continue Trial and All Associated Deadlines [**Doc. 25**] and Defendant Terrance A. Patterson's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**]. The trial of this case is reset to **April 30, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on January 5, 2023, and the new trial date

is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Iesha S. Mitchell-Sivels's Motion to Continue Trial and All Associated Deadlines [**Doc. 25**] and Defendant Terrance A. Patterson's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **April 30, 2024**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **January 5, 2024**, and the new trial date of **April 30, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 29, 2024**;

(5) The deadline for filing motions *in limine* is **April 10, 2024**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **April 11, 2024, at 10:30 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 19, 2024**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge