IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CR-48-KAC-DCP |
| ) | |
| TERRANCE A. PATTERSON and ) | |
| IESHA S. MITCHELL-SIVELS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Joint Motion to Continue Trial and Related Deadlines [Doc. 35], filed on June 11, 2024, on behalf of Defendant Terrance Patterson and Iesha S. Mitchell-Sivels (together "Defendants").

Defendants ask the Court to continue the trial and plea deadline. In support of their motion, Defendants assert that defense counsel and counsel for the Government have made progress in plea negotiations and require additional time to continue engaging in those discussions. The motion reflects that Defendants understand the need for this request and understand the continuance will necessarily affect the computation of time pursuant to the Speedy Trial Act. Finally, the motion states that counsel for the Government has no objection.

Based upon the information provided by Defendants' Joint Motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Patterson and Defendant Mitchell-Sivels need additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the July 9, 2024 trial date.

The Court therefore **GRANTS** the Defendants' Joint Motion to Continue Trial and Related Deadlines [**Doc. 35**]. The trial of this case is reset to **September 24, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on June 11, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendants' Joint Motion to Continue Trial and Related Deadlines [**Doc. 35**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 24, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **June 11, 2024**, and the new trial date of **September 24, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the new deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 23, 2024**;

(5) the deadline for filing motions *in limine* is **September 9, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 10, 2024, at 10:00 a.m.**; and

2

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **September 13, 2024**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge