UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:23-CR-48-KAC-DCP |
| ) | |
| TERRANCE A. PATTERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Terrance A. Patterson's Unopposed Motion to Continue Trial and Related Deadlines [Doc. 51], filed on May 19, 2025.

Defendant asks the Court to continue the June 17, 2025 trial date and all associated deadlines [Doc. 51]. In support of his motion, Defendant states that his counsel is working with a forensic chemist to review the Drug Enforcement Administration's analysis of the substances seized during the investigation [*Id.* ¶ 1]. He asserts that the chemist needs more time to gather relevant information and prepare her report, which may impact litigation about the possible mandatory minimum sentences [*Id.*]. He represents that the Government does not oppose the requested continuance [*Id.* ¶ 2]. Defendant understands the need for this request and that a continuance will affect the computation of time under the Speedy Trial Act [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs time to work with the expert and review the analysis of the substances seized during investigation and to otherwise prepare for trial considering the results of that review. The Court finds that all of this cannot occur before the June 17, 2025 trial date.

The Court therefore **GRANTS** Defendant Terrance A. Patterson's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 51**]. The trial of this case is reset to **December 9, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 19, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Terrance A. Patterson's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 51**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 9, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **May 19, 2025**, and the new trial date of **December 9, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 10, 2025**;

(5) the deadline for filing motions *in limine* is **November 24, 2025**, and responses to motions *in limine* are due on or before **December 2, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 25, 2025, at 2:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge